IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HARLON BROOKS and | § | CASE NO. 09-38232-H4-11 |
| ALFREDDIE BROOKS | § | |
| | § | |
| Debtors | § | (Chapter 11) |
| | § | |

**CHAPTER 11 TRUSTEE' S EMERGENCY
MOTION TO CONVERT CASE TO CHAPTER 7**

---

**NOTICE PURSUANT TO LOCAL RULE 9013**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.**

**IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTING WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THOUGH THEIR ATTORNEY.**

**NOTICE IS FURTHER PROVIDED THAT THE TRUSTEE IS SEEKING EXPEDITED CONSIDERATION OF THIS MOTION.**

---

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes now W. Steve Smith, Chapter 11 Trustee ("Trustee") of the above-referenced estate

and files this Chapter 11 Trustee's Emergency Motion to Convert Case to Chapter 7 (the

"Emergency Motion to Convert") and would respectfully show unto this Court the following:

1

## PROCEDURAL AND FACTUAL BACKGROUND

1.      On October 30, 2009, Harlon and Alfreddie Brooks (the "Debtors") filed their voluntary petition under Chapter 13 of the United States Bankruptcy Code (the "Code").

2.      Thereafter, on March 3, 2010, the Debtors filed their Motion to Convert Case From Chapter 13 to 11 (the "Motion to Convert").  On April 6, 2010, this Court entered its Order Granting Motion to Convert Case from Chapter 13 to Chapter 11 (the "Order on Conversion").

3.      On May 28, 2010, the Debtors filed their Chapter 11 Plan of Reorganization (the "Plan") and their Disclosure Statement (the "Statement").  In June 2010, there were several objections filed to the Plan by the Internal Revenue Service (the "IRS"), Unity National Bank, Austin Bank Texas, N.A., etc.

4.      On June 30, 2010, the Court held its confirmation hearing on the Plan.  At that hearing, the Court granted an oral Motion to Appoint a Chapter 11 Trustee (the "Motion to Appoint").

5.      On July 15, 2010, the U.S. Trustee filed its Application for Order Approving Appointment of Chapter 11 Trustee seeking to appoint W. Steve Smith.  On July 23, 2010, this Court entered its Order Approving Appointment of Chapter 11 Trustee thereby approving the appointment of W. Steve Smith (the "Trustee").

6.      Thereafter, the Trustee met with Harlon Brooks and his counsel, James Q. Pope ("Pope"), and discussed the background of the case as well as what was done in the Chapter 11 so far.  As this Court is aware from the Debtors' Schedules, Plan, Statement, etc…, this case involves the operation of a family barbeque restaurant business with several locations and under several different corporate and partnership names – for example, although the two (2) remaining restaurants at Terminal B and at 6930 MLK Drive are called "Harlon's", they are owned under the name of Brooks & Brooks, Inc., a corporation owned by Harlon and Alfreddie Brooks.  Sometimes, the

ownership is a little more "in depth" and is intermingled with companies and partnerships.  For example, there was a "Harlon's" restaurant operated at the Dallas-Fort Worth Airport.  Again, while named "Harlon's", the actual ownership was by Harlon's Barbeque & Grill DFW-I, L.P., with the general partnership held 99% by Harlon and Alfreddie Brooks and 1% by Harlon's Barbeque Bar & Grill, II, Inc., a corporation.  Or, in some instances, there are simply "d/b/a's".  For example, one of the restaurants that operated in Nacogdoches, Texas was owned by Buckshot Construction Company, owned by Harlon and Alfreddie Brooks, but it was doing business as "Harlon's BBQ House".  With respect to the real estate, in several instances, the actual name of the operating business is not the fee title owner, e.g. one of the other restaurants operated in Nacogdoches, Texas operated under a "Harlon's" name, but the actual fee title is in a limited partnership entity called "Harlons – UTMB, LP"."   To assist the Court in understanding this web of operations and ownership is the following:

**Corporations**:

Brooks & Brooks, Inc. (Debtors own 100%)

Airport Restaurant Management Corporation (Debtors own 100%)

Alfreddie, Inc. (Debtors own 100%)

Buckshot Construction Co. d/b/a Harlon's BBQ House (Debtors own 100%)

Hamco Airport Concessions, Inc. (Debtors own 100%)

Harlon's Bar-B-Q House, Inc. (Debtors owned 100%, but sold to daughter in 2007)

Harlon's BBQ DFW-II, Inc. (Debtors own 100%)

NOLRAH Concessions, Inc. (Debtors own 100%)

**Partnerships and Joint Ventures:**

Brooks Galveston Management, LLC (Debtors are the only members)

Brooks – Austin LLC (Debtors are the only members)

HACMB, LLC (Debtors are the only members)

Harlon's Bar-B-Q Bergstrom IV, Ltd. (Debtors are general partners with 99% interest and Brooks-Austin LLC is a general partner with 1% ownership – filed Chapter 7 in Southern District of Texas)

Harlon's Bar-B-Q at Old Spanish Trail, LP (Debtors are general partners with 99% interest and HACMB, LLC is a general partner with 1% ownership)

Harlon's Bar-B-Q DFW, Ltd., LLC (Debtors are general partners with 99% interest and Brooks-Austin LLC is a general partner with 1% ownership)

Harlon's UTMB, LP (Debtors are general partners with 99% interest and Brooks Galveston Management, LLC is a general partner with 1% ownership)

Harlon's Barbeque Bar & Grill DFW-I, LP (Debtors are general partners with 99% interest and Harlon's Barbeque Bar & Grill DFW-II, Inc. is a general partner with 1% ownership)

Louise SB Management, LLC (Debtors are the only members)

Pearson Food Group, LLP (Debtors were members – operated in Las Vegas, but filed bankruptcy in Las Vegas)

Soul Bones, LP (Debtors are general partners with 99% interest and Louise SB Management, LLC is a general partner with 1% ownership)

The Link at Harlon's, Inc. (Non-profit members' club – necessary to sell alcohol in Nacodoches restaurant).

(collectively referred to as the "Entities").

7.      The Debtors operated these businesses for over twenty-five (25) years.  After many, many years of success, the business started facing financial difficulties which resulted in the Debtors' creditors filing lawsuits, liens, etc. against many of the above-identified Entities in order to preserve and/or recover their claims – claims which are overlapping in many instances.  Some of these Entities hold assets (both real and personal), some hold no assets, some have potential assets, some are no longer in business and some are still operating.  With respect to the ones that hold assets, are operating or otherwise have value or potential value, there are creditors very vigilantly

pursuing their claims against them.  In this respect, one thing has become very clear to the Trustee – if the case remains as it is today, inequity *and not equity* will prevail to the detriment of the Debtors, the Entities and their creditors.

8.      Specifically, the Trustee has been investigating whether there is a likelihood of rehabilitation of the Debtors under the present situation and there is not – many of the assets which could contribute to a successful rehabilitation are in the names of one or more of the Entities and, as was seen in the first attempt to confirm a plan in this case, the creditors are requiring protections which are not necessarily feasible now and/or there are "bad feelings" between the creditors and the individual Debtors which prohibit a successful Chapter 11 plan.  In this connection, if the present state of this Estate continues there will be a substantial or continuing loss or diminution of the Estate through loss of the Entities or significant assets of the Entities, including the very restaurants presently paying the Debtors and funding the Chapter 11.  However, should both the Debtors and all of the Entities (with assets and/or potential assets) be in Chapter 7 and jointly administered by the Trustee with the necessary ones continuing to operate, the Trustee believes that a fair liquidation to resolve the claims of the creditors and a successful rehabilitation of the Debtors can be accomplished.  In this connection, the Trustee believes that cause exists to convert this case to a Chapter 7 pursuant to 11 U.S.C. § 1112(b) and hereby requests same as it is in the best interest of ALL creditors and the Debtors.

9.      This requested conversion is part of a series of actions that the Trustee believes is necessary to preserve assets and accomplish a fair distribution to creditors more promptly and with less cost than the Chapter 11 – the object is to place all of the creditors on the same playing field (in each specific bankruptcy case) in an effort to accomplish this preservation of assets and an equitable distribution of same.  Specifically, now standing in the shoes of the sole owners/members of the Entities, the Trustee is filing simultaneously herewith voluntary Chapter 7 petitions on behalf of the

Entities that the Trustee believes are integral to the preservation of assets and a fair distribution of those assets:  Brooks & Brooks, Inc., Airport Restaurant Management Corporation, Alfreddie, Inc., Buckshot Construction Co. d/b/a Harlon's BBQ House, Harlon's Bar-B-Q at Old Spanish Trail, LP, Harlon's UTMB, LP and Harlon's Barbeque Bar & Grill DFW-I, LP.  Likewise, the Trustee will seek to have these estates jointly administered and, with respect to those necessary to continue generating income, the Trustee will seek authority to continue the operation of those businesses and will seek authority to have Harlon and Alfreddie Brooks continue their employment in such businesses to assist the Estates.  And, in order to jump start the entire process, the Trustee will also file his Motion for Authority to Employ Realtor seeking to employ a realtor that already has listings as to some of the real properties in Nacogdoches, Texas, that can be readily liquidated.

WHEREFORE, PREMISES CONSIDERED, Trustee prays that this Motion to Convert be granted, that the Chapter 11 case be converted to a Chapter 7 case and that he have such other and further relief as is just.

DATED the 2nd day of November, 2010.

Respectfully submitted,

By: */s/ Blanche D. Smith*
W. STEVE SMITH
State Bar No. 18700000
BLANCHE D. SMITH
State Bar No. 00783991
1250 Four Houston Center
1331 Lamar Street
Houston, Texas 77010
713-590-9300 (telephone)
713-590-9399 (facsimile)

ATTORNEYS FOR TRUSTEE

<u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document is being served on November 2, 2010, via regular first class mail, postage prepaid or, if those parties are ECF users registered in this case, they will receive electronic notice on November 2, 2010.

Stephen D. Statham
Office of U.S. Trustee
515 Rusk Ave., Suite 3516
Houston, TX 77002

Harlon Brooks
Alfreddie Brooks
507 FM 226
Nacogdoches, TX 75961

James Q. Pope
6201 Bonhomme Road, Suite 252-N
Houston, TX 77036

Austin Bank
200 E. Commerce
Jacksonville, TX 75766

Chase Home Finance LLC
3415 Vision Drive
Columbus, OH 43219

Citizen First Bank
2001 ESE Loop 323
Tyler, TX 75701

Commercial Bank of Texas
P.O. Box 635050
Nacogdoches, TX 75963

First Bank
P.O. Box 790281
St. Louis, MO 63179

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114

Assistant Attorney General
P.O. Box 12548
Austin, TX 78711

Benchoff & Benchoff
316 University Drive
P.O. Box 631063
Nacogdoches, TX 75963

JDDA Concessions Management, Inc.
P.O. Box 60496
Houston, TX 77205

Unity National Bank
c/o Craig R. Denum
Storey & Denum, P.C.
11757 Katy Freeway, Suite 1010
Houston, TX 77079

Chase Home Finance, LLC
c/o Steve Turner
Barrett Daffin Frappier
  Turner & Engel LLP
1900 St. James Pl., Suite 500
Houston, TX 77056

The TX Comptroller of Public Accounts
c/o William Frazell
Assistant Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711

JDDA Concessions Management, Inc.
c/o Rick Melendez
Melendez Law, P.C.
P.O. Box 591249
Houston, TX 77259

GE Money Bank (Sam's Club)
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131
Attn: Ramesh Singh

Citizens 1st Bank
c/o Bill Pedersen, Jr.
Stripling, Pedersen & Floyd
P.O. Drawer 630870
Nacogdoches, TX 75963

*/s/ Blanche D. Smith*
Blanche D. Smith